UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LAURA HUGHES** )<br>**Plaintiff** )<br> )<br>v. )<br> )<br>**AUSTIN RICE** )<br>**Defendants** ) | CIVIL ACTION NO.   3:21-cv-00882 |

## MEMORDANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

The plaintiff, Laura Hughes, through counsel opposes the defendant's motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and D. Conn. Local Rule 7.  The plaintiff maintains that the defendant was domiciled in Florida—where he has resided the majority of his adult life and where he was planning to return prior to the accident of March 13, 2021—at the time this action was commenced.  Affidavit of Laura Hughes, at ¶¶3 &10 (attached as Exhibit A) ["Hughes Affidavit"].  There is complete diversity of citizenship and therefore the court has jurisdiction.

### STATEMENT OF FACTS

The defendant has established a home base in Fort Pierce, Florida, where he returned on the exact day Laura Hughes was discharged from Avon Health Center.  Hughes Affidavit, at ¶12. At the time of the accident on March 13, 2021—the defendant had been in Connecticut about five months.  Affidavit of Austin Rice at ¶11 (attached as Exhibit B) ["Rice Affidavit"] (The defendant admits he came to Connecticut in October roughly five months before March 13, 2021).  The defendant came to live with his mother in October of 2020 to stay with her

1

temporarily. Hughes Affidavit at ¶10. While he was staying with his mother, the defendant was the driver of the one-car accident that gives rise to this claim. Complaint at ¶¶6-7. Following Ms. Hughes' return from the hospital and rehabilitation, the defendant returned to Florida with his grandmother. Hughes Affidavit at ¶12. The defendant has worked in Florida. Rice Affidavit at ¶7. The defendant has a Florida driver's license that was issued in 2016. Austin Lee Rice Driving Record (attached at Exhibit C, obtained through public record search) ["Rice Driving Record"] & Accident Information Summary (attached as Exhibit D). The defendant has friends and family in Florida. Rice Affidavit at ¶7 and 8. The defendant has sought medical treatment in Florida. Hughes Affidavit at ¶16. The defendant has a medical marijuana card in the State of Florida issued in 2018. Defendant's Response to State's Demand for Reciprocal Discovery, State of Florida v. Austin Rice, 18-890 MM (attached as Exhibit E, obtained through public record search.) The defendant has adopted dogs to reside with him at his home with his grandmother. Hughes Affidavit at ¶6. Since approximately 2016, the defendant's time in Connecticut has been limited to visiting family and friends and seeking medical treatment. Hughes Affidavit at ¶7. The defendant has not claimed to have any employment in Connecticut in many, many years. Rice Affidavit at ¶3. Although Ms. Hughes knew that the defendant would be returning to Connecticut for future medical treatment, it was always her understanding that he would soon thereafter return to Florida, where he has returned consistently over the past ten years. Hughes Affidavit at ¶14. Prior to the accident, the defendant was already preparing his return to Florida. Hughes Affidavit at ¶10. While he stayed with his mother, the defendant was in constant communication with his grandmother about his return to Florida. Hughes Affidavit at ¶19. At this time this action was commenced, the defendant was domiciled in Florida. Complaint at ¶2.

**DISCUSSION**

The defendant was domiciled in Florida at the time this action was commenced and therefore there is complete diversity of citizenship amongst the parties. "Domicile is the place where a person has his true and fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning." Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998). Although the defendant contends that he has been domiciled in Connecticut since he moved to Connecticut in eighth grade [Rice Affidavit at ¶3], his behavior reflects the only principal establishment that he has continued to return to has been the address where he was residing at the time the action was commenced. The defendant has family in Florida, as well as Connecticut, and although he continues to visit Connecticut he has always returned to Florida, specifically to living with his grandmother. Rice Affidavit at ¶14. Since as early as 2016 Mr. Rice has used the address on Salerno Rd. in Fort Pierce as his residence. Rice Driving Record. The defendant maintains that his case does not present the typical analysis of factors regarding domicile merely because he has minimal evidence to present that support his allegations that he is domiciled in Connecticut. Rather, the typical analysis would support his domicile in Florida. *See* Bank of India v. Subramnian, No. 6 Civ. 2026 (WHP), 2007 WL 1424668, at *3 2007 U.S. Dist. LEXIS 35148, at *3 (S.D.N.Y. May 15, 2007) (explaining that one's state of current residence, driver's license, places of employment or business are factors considered in determining domicile). Over the years the defendant has created permanent living arrangements in Florida, living with his grandmother. Affidavit of Laura Hughes at ¶6 (the defendant has created a garden, adopted dogs, and cared for the home.) The defendant does not have any residence nor permanent living arrangements in Connecticut, and he has not for many years. There are many factors that support that Florida is the defendant's "true and fixed home and

principal establishment, and to which, whenever he is absent he has the intention of returning," (*see* Fortuna, 157 F.3d 945, 948) and therefore service in Florida was appropriate.

      The defendant did not establish a domicile when he moved in temporarily with his mother in Avon, Connecticut in of October 2020.  As he contends, the defendant has been experiencing some health issues that date back as early as April 2019. Rice Affidavit at ¶8.  It is mutually agreed that at some point after his accident in April 2019 the defendant began experiencing unexplained seizures. Rice Affidavit at ¶8.  The defendant received considerable medical treatment in Florida for these medical issues—but in October of 2020 he elected to come to Connecticut in an attempt to get different medical treatment and have assistance in doing so from his mother. Hughes Affidavit ¶10.  As the defendant has relayed in his argument—residency alone is insufficient to establish domicile.  Van Buskirk v. United Grp. of Companies, Inc., 935 F. 3d 49, 54 (2d Cir. 2019).  The defendant contends that when he moved in with his mother in October of 2020 he intended to live there permanently.  Rice Affidavit at ¶12.  The defendant has not produced evidence to support this permanent move—he did not move his dogs with him, he did not change any of his accounts, nor did he bring all of his belongings with him from Florida.  Further, his return to Florida in May of 2021—through *at least* July 8, 2021, the day he was served—supports that although he spent time living in Connecticut, he always intended to return to Florida where he has lived for many years of his life.  To allege that he is just visiting his grandmother in Florida, when he has used her address more consistently than any other address, is deceiving.    To say that he is in Florida when he "needs a job" is evidence of his intent to live in Florida—as maintaining a job is typically an activity in the state one intends to stay. Bank of Indian V. Subramanian, No. 06 Civ. 2026 (WHP), 2007 WL 1424668, at *3, 2007 U.S. Dist. LEXIS 35148 at *3 (S.D.N.Y. May 15, 2007).  Further, the defendant states he

did not pack up his limited belongings and move them down to Florida; in fact, he did so. Hughes Affidavit at ¶9.  When the defendant left Ms. Hughes' home in May of 2021, there was never a discussion about him returning to her residence and he has not returned to date.  Hughes Affidavit at ¶13.  The defendant did not leave a home behind in Connecticut—he returned to his home with his grandmother, to his dogs, where he has lived consistently since around 2016 when he obtained his Florida license.  Hughes Affidavit ¶4 and Rice Driving Record.

      The defendant does not have a home, residence, or place of habitation to argue is his domicile in Connecticut. "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation." Vlandis v. Kline, 412 US 441, 454 - Supreme Court 1973 *citing* to Opinion of the Attorney General of the State of Connecticut Regarding Non-Resident Tuition, Sept. 6, 1972.  It is not enough for the defendant to say intends to stay in Connecticut indefinitely.  "Although intent is crucial to domicile, mere subjective statements of affiliation with a particular state or of an intent to make it one's home, of course cannot suffice for a finding of state citizenship if such statements are belied by objective indicia of actual residence and intent." Willis v. Westin Hotel Co., 651 F.Supp. 598, 601 (S.D.N.Y. 1986). Currently, the defendant alleges that he is living in a hotel.  Rice Affidavit ¶18. He alleges he is "searching for a place to stay"—he does not intend to remain indefinitely at his current place of habitation. Rice Affidavit ¶16.  In determining domicile, courts consider how permanent the living arrangements are.  Nat'l Artists Mgmt. Co., Inc. v. Weaving, 769 F. Supp. 1224, 1228 (S.D.N.Y. 1991).  The defendant has not provided evidence of his intent to remain indefinitely in Connecticut nor can he provide evidence of any "permanent living arrangements" in Connecticut.  Seemingly, the defendant Rice is only remaining in Connecticut for the time being to support his allegations that he is domiciled in Connecticut, despite most evidence to the

contrary. "Where a party has established a domicile, therefore, the burden for demonstrating that a new domicile has been established lies with the person seeking to establish the change." *Id.* The defendant does not provide sufficient evidence of establishing a home base in Connecticut in October of 2020 nor since his return from Florida in August of 2021. He alleges that currently "it has been very difficult given [his] medical condition." Rice Affidavit at ¶15. If in fact his medical condition prevents him from living on his own, he will ultimately be forced to return to Florida.

## CONCLUSION

Service to the defendant in the State of Florida was appropriate as the defendant has maintained his domicile in Florida for over seven years and was domiciled there at the time this action was commenced. The amount of evidence in support of this assertion significantly outweighs the defendant's mere declaration that he intended to stay in Connecticut indefinitely. "A litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." Coury v. Prot, 85 F. 3d 244 - Court of Appeals, 5th Circuit 1996, *citing to* Freeman v. Northwest Acceptance Corp., 754 F.2d 553, 556 (5th Cir. 1985). It is rather contradictory to contend that he moved to Connecticut to permanently live with his mother, since she was essentially his caretaker—yet, he is physically capable of providing assistance to his grandmother. In fact, prior to the accident he was planning on returning to his home in Florida, to care for his dogs, his garden—which he has established in Florida and his grandmother seeks his help with. The defendant's behavior reflects his domicile is in fact, in the State of Florida, and therefore the Court has subject matter jurisdiction over this matter as there is complete diversity of citizenship.

                        PLAINTIFF, LAURA HUGHES,


                        BY:  /s/ Ryan P. McLane
                        Ryan P. McLane (BBO # 697464)
                        McLane & McLane, LLC
                        269 South Westfield Street
                        Feeding Hills, MA 01030
                        Ph. (413) 789-7771
                        Fax (413) 789-7731
                        E-mail: ryan@mclanelaw.com

                        BY:  /s/ Cherish A. Wright
                        Cherish A. Wright (BBO # 706005)
                        Law Offices of Sarah A. Miller, P.C.
                        75 North Main Street
                        East Longmeadow, MA 01028
                        Ph. (413) 351-2100
                        Fax (413) 351-2111
                        E-mail: cherish@sarahlaw.net


## CERTIFICATION

     This is to certify that on September 24, 2021, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept the electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may accept this filing through the Court's CM/ECF System.


                        /s/ Cherish A. Wright